IKUTA, J.,
dissenting in part:
The Fourteenth Amendment to the Constitution proclaims that no State shall “deprive any person of life, liberty, or property, without due process of law.” It is well-established that “[t]he right of [an owner] to devote [her] land to any legitimate use is properly within the protection of the Constitution,” Harris v. Cnty. of Riverside, 904 F.2d 497, 503 (9th Cir.1990) (quoting Washington ex rel. Seattle Title Trust Co. v. Roberge, 278 U.S. 116, 121, 49 S.Ct. 50, 73 L.Ed. 210 (1928)), and that the government cannot deprive an owner of the “use and enjoyment” of her land without due process. Id. But here the majority will only “assume without deciding that Richter has a constitutionally protected property interest” based on her ownership of her real property. Maj. op. at 757. I disagree with the majority’s hesitance on this point, because it is clear that the Fourteenth Amendment protects Richter’s interests in real property.
The majority’s doubt that Richter has a claim for unconstitutional deprivation of the use of her property reflects the City’s insistence that Richter’s claim must be analyzed as the deprivation of a government benefit, namely, the right to obtain a land-use permit. See Bd. of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (establishing test for determining whether there is a constitutionally-protected property interest in government benefits); see also maj. op. at 757 (citing Wedges/Ledges of Cal. v. City of Phoenix, 24 F.3d 56, 62 (9th Cir.1994) (applying Roth test)). Based on its interpretation of Roth, the City assumes that only the government can create property interests, and so a court is limited to de *759 termining whether Richter has a “legitimate claim of entitlement” to a benefit “as created and defined” by state law. Bateson v. Geisse, 857 F.2d 1300, 1305 (9th Cir.1988). But Roth “stands not for a theory of plenary state control over the definition and recognition” of constitutionally-protected property interests, “but for a much more modest proposition”: that state law “might serve to elevate certain nontraditional forms of property,” like welfare, permits, and licenses, to “constitutional status.” Schneider v. Cal. Dep’t of Corr., 151 F.3d 1194, 1200 (9th Cir.1998). Expanding Roth beyond the limited context of government benefits, and into the “traditional” realm of core property interests that the state cannot redefine at will, is a constitutionally untenable approach to assessing property rights. Id. (quoting Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 439, 102 S.Ct. 3164, 73 L.Ed.2d 868 (1982)). If Roth were so broadly applicable, “States could unilaterally dictate the content of — indeed, altogether opt out of — both the Takings Clause and the Due Process Clause simply by statutorily recharacterizing traditional property-law concepts” such as the right to use and enjoy one’s own real property. Id. at 1201.
Here, Richter claims that her due process rights were violated because City staff (rather than a neutral adjudicator) denied Richter’s request for permission to proceed with a development project on her property in the first instance, and the hearing examiner adjudicating Richter’s appeal of this denial was required by law to give the staff decision “a presumption of correctness.”[1] This claim should survive summary judgment, because the undisputed facts show that Richter never had a neutral adjudicator determine whether she had met the City’s requirements for proceeding with the proposed use of her land. On its face, this procedure raises grave due process concerns. As the Supreme Court has explained, an individual may not be deprived of protected property rights without “impartial adjudication in the first instance.” Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal., 508 U.S. 602, 626, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993).[2]
Because Richter has raised a substantial legal question as to whether the City violated her procedural due process rights, and the City has not established that it is entitled to judgment as a matter of law, I would reverse the district court’s grant of summary judgment as to this claim.

. Richter raised this same argument in her amended complaint, Dist. Ct. Dkt. 26 at 11, and so the majority errs in holding that she forfeited this claim, Maj. op. at 757.

. Indeed, even if the test applicable to deprivations of government benefits without due process, see Mathews v. Eldridge, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), were applicable in this context, Richter has raised a genuine issue of material fact that she was deprived of due process: Richter has a substantial property interest at stake, the risk of erroneous deprivation is great (given the highly-deferential standard the hearing examiner must apply), and the administrative burdens of curing the problem are low, since the City need only provide a neutral hearing in the first instance.